# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

DEVIN SCOTT THORNTON                                                          PLAINTIFF

VS.                                                      CIVIL ACTION: 1:17cv146-RHW

MUSTAFA TAHA, *et al.*                                                      DEFENDANTS

## MEMORANDUM OPINION

This prisoner civil rights case is before the Court following *sua sponte* review of the pleadings on file.[1] Inmate Devin Thornton filed this lawsuit May 11, 2017 against South Mississippi Correctional Institution (SMCI) Officer Mustafa Taha, Captain Joy Ross, and Warden Marshal Turner. By Order [25] entered May 17, 2018, the Court granted Warden Turner's motion for summary judgment (to which Thornton had filed no response), and dismissed the case as to Turner. When Thornton's mailed copy of the order was returned undeliverable, the Court reviewed the case and found that all mail which the Court has sent to Thornton since October 30, 2017 has been returned undeliverable. See Orders [20], [21], [26].

On May 29, 2018, the Court entered Order [27], requiring Thornton to show cause by June 12, 2018 why the case should not be dismissed as to the remaining Defendants due to his failure to comply with the Court's orders,[2] and expressly warning him that failure to respond to the Show Cause Order "**will result in dismissal of this lawsuit**." (emphasis in original). The copy of the Show Cause Order mailed to Thornton was returned undeliverable. [28]

---

[1] All parties consented to the exercise of jurisdiction by the United States Magistrate Judge and the case was reassigned to the undersigned for all purposes. [17], [19]

[2] Court orders [3], [4], [7], [8] and [10] warned Thornton that failure to keep the Court apprised of his current address or to comply with any order of the Court might result in dismissal of his lawsuit.

This court has the authority to dismiss an action *sua sponte* for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority. *See Link v. Wabash R.R.* 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. *Id*. at 629-30. Plaintiff has failed to comply with the court order to show cause [27] or to heed the Court's five Orders warning him to keep his address current. He has had no contact with the Court since the omnibus hearing of October 19, 2017.[3] As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v.Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). The Court concludes that dismissal of this action is proper under FED.R.CIV.P. 41(b) for Plaintiff's failure to prosecute and for failure to comply with the orders of the court. *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order). The Court will enter a final judgment in accordance with this memorandum opinion.

SO ORDERED, this the 15th day of June, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[3]The Court also recalls warning Thornton at the hearing to file a change of address if he were moved to some other facility; that if he failed to do so his case would be dismissed.